1   SEYFARTH SHAW LLP
2   Gerald L. Maatman (IL 6181016) (*pro hac vice application to follow*)
    gmaatman@seyfarth.com
    Jennifer A. Riley (IL 6272366) (*pro hac vice application to follow*)
3   jriley@seyfarth.com
    233 S. Wacker Drive, 80th Floor
4   Chicago, Illinois  60606
    Telephone:     (312) 460-5000
5   Facsimile:     (312) 460-7000

6
    SEYFARTH SHAW LLP
7   Justin Curley (SBN 233287)
    jcurley@seyfarth.com
8   Ian T. Long (SBN 290975)
    itlong@seyfarth.com
9   560 Mission Street, 31st Floor
    San Francisco, California 94105
10  Telephone:  (415) 397-2823
    Facsimile:   (415) 397-8549
11
    Attorneys for Defendants
12  CAPSTONE LOGISTICS, LLC

13                UNITED STATES DISTRICT COURT

14           FOR THE CENTRAL DISTRICT OF CALIFORNIA

15

16

17  CHRIS TORRES and TROUNG VAN-        Case No. _____
    URIBE, individually and on behalf of all
18  others similarly situated,           **DEFENDANT CAPSTONE
                                         LOGISTICS, LLC'S NOTICE OF
19                 Plaintiffs,           REMOVAL**

20        v.                             [RIVERSIDE COUNTY SUPERIOR
                                         COURT CASE NO. CVRI2105859]
21  CAPSTONE LOGISTICS, LLC,
                                         *[Filed concurrently with Civil Case
22                 Defendant.            Cover Sheet; Corporate Disclosure;
                                         Certificate of Interested Persons; and
23                                       Declarations of Meghan Nagel, Cindy
                                         Davis, and Ian T. Long]*
24

25

26

27

28

                                                                    **1**

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant CAPSTONE LOGISTICS, LLC ("Defendant" or "Capstone") hereby removes the above-captioned case from the Superior Court of the State of California, County of Riverside to the United States District Court for the Central District of California, asserting original jurisdiction under 28 U.S.C. §§ 1332(d)(2) (the Class Action Fairness Act of 2005 ("CAFA")), and removal jurisdiction under 28 U.S.C. §§ 1441(a), 1446, and 1453.

I.    **PLEADINGS, PROCESSES, AND ORDERS**

1.    On December 30, 2021, Plaintiffs Chris Torres and Troung Van-Uribe ("Plaintiffs") filed a Class Action and Representative Action Complaint ("Complaint") in the Superior Court of the State of California, County of Riverside entitled *Chris Torres and Troung Van-Uribe, individually and on behalf of all others similarly situated, Plaintiffs v. Capstone Logistics, LLC, Defendant,* Case Number CVRI2105859.  A true and correct copy of the Summons and Complaint is attached as **Exhibit A**.

2.    In the Complaint, Plaintiffs purport to allege the following eight claims for relief:  (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); (4) Violation of California Labor Code §§ 1194, 1197 and 1197.1 (Unpaid Minimum Wages); (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); (6) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); (7) Violation of California Labor Code § 1174(d) (Failure to Keep Requisite Payroll Records); (8) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); (9) Violation of California Business & Professions Code §§ 17200, *et seq*.; (10) Violation of California Labor Code § 2698, *et seq.* (California Labor Code Private Attorneys General Act of 2004).  (*See* Ex. A ("Compl.") ¶¶ 52-130.)

**2**

79215926v.8

3.      In the Complaint, Plaintiffs seek to certify a single putative class consisting of "[a]ll persons employed by Defendant in California as hourly and/or otherwise non-exempt employees during the period beginning four years before the filing of this action and ending when final judgment is entered." (Compl. ¶11.)

4.      Attached as **Exhibit B** is a true and correct online list of the contents of the state court docket as of January 31, 2022, along with copies of all documents contained therein (except the Summons and Complaint).

5.      On February 3, 2022, Defendant filed an answer in the state court action ("Answer"). A conformed copy could not be made available in time for the filing of this Notice of Removal. A true and correct copy of the Answer, along with the confirmation of submission for filing from Nationwide Legal, is attached hereto as **Exhibit C**.

6.      Exhibits A through C constitute all pleadings, process, and orders served on any defendant, and filed by any defendant, in this action.

## II.      TIMELINESS OF REMOVAL

7.      Plaintiffs personally served the Summons and Complaint on January 4, 2022. (*See* Ex. B, Proof of Service.) This Notice of Removal is timely because it is filed within thirty (30) days of the service upon Defendant of a copy of the Summons and the operative Complaint, and within one (1) year of the commencement of this action. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-56 (1999) (holding that thirty-day removal period begins when defendant is formally served).

## III.      JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

8.      This Court has original subject-matter jurisdiction over this action under CAFA, codified in relevant part in 28 U.S.C. § 1332(d)(2). As set forth below, this action is properly removable pursuant to 28 U.S.C. § 1441(a) because the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a purported class action in which a class member is a citizen of a State different from that of a

defendant (28 U.S.C. §§ 1332(d)(2) & (6)), and the number of putative class members is greater than 100. *See* 28 U.S.C. §§ 1332(d)(5)(B).

## IV.    THERE IS MINIMAL DIVERSITY FOR REMOVAL UNDER CAFA

9.    CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction. That is, at least one purported class member must be a citizen of a state different from any named defendant. *See* 28 U.S.C. § 1332(d)(2)(A) ("[A]ny member of a class of plaintiffs is a citizen of a State different from any defendant."). Here, such minimal diversity exists among the parties. Plaintiffs are each citizens of a state that is different from Defendant's state of citizenship.

### A.    Plaintiffs Are Citizens of California

10.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place where he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)); *see also Zavala v. Deutsche Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (holding that, where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes").

11.    In the Complaint, Plaintiff Chris Torres alleges that he is "an individual residing in the State of California." (Compl. ¶ 4.) Plaintiff Torres' last known address is in Jurupa Valley, California. (*See* Declaration of Meghan Nagel in Support of Defendants' Notice of Removal of Civil Action to Federal Court ("Nagel Decl.") ¶6.) Accordingly, Plaintiff Torres is a citizen of the State of California.

**4**

12.     Similarly, Plaintiff Troung Van-Uribe alleges that he is "an individual residing in the State of California."  (Compl. ¶ 5.)  Plaintiff's last known address is in Moreno Valley, California.  (*See* Nagel Decl.") ¶7.)  Accordingly, Plaintiff Van-Uribe is a citizen of the State of California.

**B.     Defendant Capstone, LLC Is Not a Citizen Of California**

13.     Plaintiffs named Capstone Logistics, LLC as the Defendant.  The traditional rule is that an unincorporated association, such as a limited liability company, has the citizenships of all of its members.  *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("LLCs resemble both partnerships and corporations.  Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction … an LLC is a citizen of every state of which its owners/members are citizens.").

14.     For purposes of CAFA's minimal diversity requirement, however, an "unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10); *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) ("For qualifying class actions such as this one, CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes.").

15.     A corporation's principal place of business for diversity purposes is normally "the place where the corporation maintains its headquarters."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010).  In *Hertz*, the Supreme Court held that the "principal place of business" of a corporation is best interpreted as a corporation's "nerve center,"  which "ordinarily equates … with a corporation's headquarters."  *Id.*  The Court explained that "in practice [the nerve center] should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination … and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who

have traveled there for the occasion).”  *Id.* at 1192-93; *see id.* at 1195 (distinguishing situation where alleged “nerve center” is “nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat”).

16.    For removal purposes, citizenship is measured both when the action is filed and when it is removed.  *Strotek Corp. v. Air Transport Ass’n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

17.    At all times since Plaintiffs commenced this lawsuit, Defendant was and is a limited liability company formed under the laws of the State of Delaware with its principal place of business in the State of Georgia.  (Declaration of Cindy Davis (“Davis Decl.”) ¶¶4, 8-9.)  Defendant has maintained its corporate headquarters in Peachtree Corners, Georgia.  Its corporate executives, including its senior leadership team, have been and continue to be located in Georgia, have maintained and continue to maintain their offices in Georgia, and have performed and continue to perform their primary duties and job functions in Georgia.  (*Id.*)  Because Defendant was formed under the laws of the State of Delaware, and maintains its principal place of business in the State of Georgia, it is not a citizen of the State of California.

18.    Because Defendant is a limited liability company, even if the Court looks to Defendant’s sole member, it is not a citizen of the State of California.  At the time Plaintiffs filed their lawsuit on December 30, 2021, Capstone Logistics, LLC consisted of one member:  *Capstone Logistics Holdings, Inc.*  (Davis Decl. ¶ 4.)  Capstone Logistics Holdings, Inc. is a Delaware corporation organized under the laws of the State of Delaware.  (*Id.* ¶ 5.)  At all times since Plaintiffs commenced this lawsuit, Capstone Logistics Holdings, Inc. has maintained its principal place of business in Peachtree Corners, Georgia.  (*Id.*)  Its corporate executives, including its senior leadership team, have been and continue to be located in Georgia, have maintained and continue to maintain their offices in Georgia, and have performed and continue to perform their primary corporate duties and job functions in Georgia.  (*Id.* ¶¶ 6-7.)

19.     Accordingly, CAFA's diversity requirement is satisfied since at least one class member – here, each of the Plaintiffs – and Defendant are citizens of different states.

## V.    DEFENDANT IS NOT A GOVERNMENTAL ENTITY

20.     Defendant is not a state, state official, or governmental entity.

## VI.    THERE ARE MORE THAN 100 PUTATIVE CLASS MEMBERS

21.     CAFA requires that the aggregated number of members of all proposed classes in a complaint be at least 100.  *See* 28 U.S.C. § 1332(d)(5)(B).

22.     In the Complaint, Plaintiffs allege a single class consisting of "[a]ll persons employed by Defendant in California as hourly and/or otherwise non-exempt employees during the period beginning four years before the filing of this action and ending when final judgment is entered."  (Compl. ¶ 11.)  Plaintiffs filed the Complaint on December 30, 2021.

23.     From December 30, 2017, to approximately August 26, 2021, there were approximately 12,830 employees who fall within the putative class defined by Plaintiff. (Nagel Decl. ¶9.)  Thus, the requisite number of at least 100 putative class members is satisfied here.

## VII.    PLAINTIFFS' CLAIMS PLACE MORE THAN $5,000,000 IN CONTROVERSY

### A. Defendants Need Only Show That The Amount In Controversy Exceeds The Statutory Minimum

24.     While Defendant denies any liability as to Plaintiffs' claims, the amount in controversy as alleged in the Complaint exceeds $5,000,000, exclusive of interest and costs.  Defendant bases all calculations supporting the amount in controversy on the Complaint's allegations (along with other documents as identified herein), assuming, without any admission, the truth of the allegations and assuming liability (which Defendant disputes).  Likewise, Defendant bases these calculations on the putative class alleged in the Complaint, and in no way indicates or concedes that class treatment is appropriate in this case, or that Plaintiffs have standing to represent any class, or that the

6

7

class proposed would meet the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure. Defendant expressly reserves the right to challenge Plaintiffs' claims, adequacy, and standing to represent any class, Plaintiffs' class definition, Plaintiffs' ability to meet the requirements of Rule 23, and the calculation of damages in all respects. However, for purposes of removal, Defendant bases its calculations on the allegations, facts known to Defendant and class definition pleaded by Plaintiffs.

25.    Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

26.    To establish that the amount in controversy exceeds the jurisdictional amount, the defendant must only make a plausible claim that the amount in controversy exceeds that amount. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Where, as here, Plaintiffs do not plead a specific amount of damages, a defendant need only "plausibly show that it is reasonably possible that the potential liability exceed $5 million." *Greene v. Harley-Davidson*, 965 F.3d 767, 772 (9th Cir. 2020). As the Ninth Circuit has explained, "the amount in controversy is the 'amount at

79215926v.8

1  stake in the underlying litigation,'" which "does not mean likely or probable liability;

2  rather, it refers to possible liability." *Id.* (*quoting Gonzales v. CarMax Auto Superstores,*

3  *LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (emphasis omitted).

4      27.    Because Plaintiffs have not alleged their particular damages, reasonable

5  estimates of the alleged amount in controversy are appropriate. *See Ibarra v. Manheim*

6  *Inv.'s, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).  Moreover, where a plaintiff alleges a

7  "uniform policy and systematic scheme of wage abuse," without including "any

8  modifying language to suggest less than uniform violations," courts have found that the

9  amount in controversy can be satisfied by assuming a 100% violation rate. *Franke v.*

10 *Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. 2017) (distinguishing

11 *Ibarra*); *Unutoa v. Interstate Hotels & Resorts, Inc.*, 2015 WL 898512, at *2-3 (C.D. Cal.

12 2015) ("Removing defendants will inevitably rely on some assumptions to support

13 removal; a removing defendant is not required to go so far as to prove Plaintiff's case for

14 him by proving the actual rates of violation.").

15     28.    As the Supreme Court has explained, "the fact that the complaint discloses

16 the existence of a valid defense to the claim" does not eliminate federal jurisdiction. *St.*

17 *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-290 (1938).  Further,

18 Defendant's amount in controversy allegations on removal are entitled to the same weight

19 given those alleged by a plaintiff in its pleadings. *Dart Cherokee Basin Operating Co.*,

20 574 U.S. at 88.  As a result, the effect of any affirmative defenses potentially reducing the

21 amount in controversy cannot be considered when determining federal jurisdiction.

22 *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th

23 Cir. 2010); *Scherer v. Equitable Life Assur. Soc.*, 347 F.3d 394, 397-398 (2d Cir. 2003)

24 (affirmative defenses may not be used to "whittle down the amount in controversy");

25 *Lara v. Trimac Transp. Servs. (Western), Inc.*, No. CV 10-4280GHK (JCx), 2010 WL

26 3119366, at *3 (C.D. Cal. Aug. 6, 2010) ("[A]ffirmative defenses, counterclaims, and

27 potential offsets may not be invoked to demonstrate the amount-in-controversy is actually

28 less than the jurisdictional minimum.").

DEFENDANTS' NOTICE OF REMOVAL / CASE NO.

79215926v.8

29.     Moreover, a plaintiff cannot evade federal jurisdiction by merely alleging that the amount in controversy falls below the jurisdictional minimum.  *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1350 (2013); *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 978-82 (9th Cir. 2013).

## B.     The Total Amount In Controversy Exceeds $5,000,000

### 1.     Waiting Time Penalties

30.     Plaintiffs' fifth cause of action alleges that Defendants must pay waiting time penalties under Labor Code section 203 for failure to pay all wages owed upon termination.  (*See* Compl. ¶¶ 87-92.)  Plaintiffs broadly allege, for example, that "[d]uring the relevant time period, Defendant intentionally and willfully failed to pay Plaintiffs and the other class members who are no longer employed by Defendant their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendant's employment."  (Compl. ¶89.)  Plaintiffs further allege a "pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California," which allegedly involved "failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law."  (Compl. ¶32.)

31.     Labor Code section 203 authorizes penalties of one day of pay for each day the employer fails to pay the wages due at termination for a maximum of 30 days.  *See* Labor Code § 203(a).  The statute of limitations for penalties under Labor Code section 203 is three years.  *See* Labor Code § 203(b); *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1401 (2010).  Plaintiffs filed the Complaint on December 30, 2021.

32.     From December 30, 2018, to January 28, 2022, there were approximately 9,362 non-exempt California employees that were terminated or have resigned.  (Nagel Decl. ¶11.)  For the sake of removal, Defendant assume a minimum hourly wage of $11.00 – the California minimum hourly wage in 2018[1] – for the entire class period.

---

[1] *See* Decl. of Ian T. Long ¶4, Ex. A. The average hourly wage for the class was certainly higher than this number, but Defendant conservatively assumes the lowest possible number for calculating the amount in controversy.

9

**10**

79215926v.8

Accordingly, although Defendant disputes liability, a reasonable estimate of the amount in controversy for Labor Code section 203 penalties is **$24,715,680** [$11.00/hour x 8 hours/day x 30 days x 9,362 former employees].  *See Sagastume v. Psychemedics Corp.*, 2020 WL 12028910, at *1 (C.D. Cal. Sept. 18, 2020) ("The overtime, meal, and rest break assumptions are reasonable given the extremely vague allegations in the complaint and if those violations are alleged, it is reasonable to assume that all employees are alleged to have received incorrect wage statements and not to have been paid in full on separation.")

33.    Thus, Plaintiffs' fifth cause of action for waiting time penalties, taken alone, establishes the amount-in-controversy for removal, even before attorneys' fees.

### 2.    Inaccurate Wage Statement Claim

34.    Plaintiffs' sixth cause of action seeks penalties for allegedly inaccurate and/or incomplete wage statements under Labor Code section 226.  (Compl. ¶¶ 93-99.)

35.    Defendant paid employees in California on a weekly basis, which equates to 52 pay periods each year.  (Nagel Decl. ¶13.)  From December 30, 2017 to August 26, 2021, Defendant employed approximately 12,830 non-exempt putative class members in California.  (Nagel Decl. ¶9.)  Based on Defendant's records, these 12,830 California employees received approximately 310,998 wage statements during this period.  (Nagel Decl. ¶10.)

36.    Labor Code section 226, however, has a one-year statute of limitations.  *See Naranjo v. Spectrum Sec. Servs., Inc.*, 40 Cal. App. 5th 444, 468, (2019), *as modified on denial of reh'g* (Oct. 10, 2019).  Even applying the conservative one-year statute of limitations for penalties under Labor Code section 226, the alleged penalties are still, taken alone, sufficient to meet CAFA's $5 million amount-in-controversy requirement.

37.    From December 30, 2020, to August 26, 2021, Defendant employed approximately 5,251 non-exempt putative class members in California.  (Nagel Decl.

¶12.)  Based on Defendant's records, these 5,251 California employees received approximately 69,462 wage statements during this period.  (*Id.*)[2]

38.    Assuming a wage statement penalty of $50 per employee for any initial violation, $100 per employee for each subsequent violation, and a $4,000 maximum for each employee,[3] the amount in controversy for Plaintiffs' wage statement claim is at least approximately $**6,681,350**.  This computation is based on the following penalty calculations for initial and subsequent alleged violations:  (1) 5,251 initial alleged violations for 5,251 employees x $50 per violation = $262,550; and (2) 64,211 subsequent alleged violations x $100 per violation = $6,421,100, resulting in a total amount in controversy of $**6,681,350** ($262,550 + $6,418,800).  *See Sagastume*, 2020 WL 12028910 at *1.

39.    Thus, Plaintiffs' third cause of action for allegedly inaccurate wage statements, taken alone, establishes the amount-in-controversy for removal, even before attorneys' fees.

### 3.    Meal and Rest Break Claims

40.    Plaintiffs also bring meal and rest break claims.  (*See* Compl. ¶¶61-80.)  For example, Plaintiffs allege that Defendant "fail[ed] to pay [Plaintiffs and putative class members] for missed meal periods and rest breaks in violation of California law." (Compl. ¶32.)

41.    While Plaintiffs' claims for waiting time penalties and inaccurate wage statements each independently establish the amount in controversy for removal, Plaintiffs' claims for meal and rest break premiums would only increase the amount in controversy.

### 4.    Overtime Claim

42.    Plaintiffs allege that Defendant violated the overtime provisions of the California Labor Code because it supposedly failed to pay proper wages and/or overtime

---

[2] A data set that included counts up to present would only increase the amount in controversy.
[3] Based on the partial-year data set from December 30, 2020 through August 26, 2021, no employee would have met the $4,000 cap for the purposes of this calculation.

79215926v.8

1  to Plaintiffs and the putative class.  (*See* Compl. ¶¶ 52-60.)  Plaintiffs' allegations as to

2  the value of these claims are unclear.  Needless to say, Plaintiffs' overtime claim only

3  increases the amount in controversy.

### 5.    Reimbursement Claim

5      43.    Plaintiffs also allege that Defendants failed to indemnify employees for

6  required expenses under California Labor Code § 2802.  (*See* Compl. ¶¶ 105-110.)  They

7  allege, for example, that Plaintiff Torres "had to pay for necessary business expenses to

8  perform his duties, including his Wi-Fi at home for weekly close out reports, staff

9  lunches, and office supplies to include pens, dry erase markers, staples, and gloves (*id.* ¶

10  108), and that Plaintiff Van-Uribe "had to pay for necessary business expenses to perform

11  his duties, including work boots and cold weather garments for working in the warehouse

12  freezer" (*id.* ¶ 109).  As with their overtime claim, Plaintiffs' reimbursement claim only

13  increases the amount in controversy.

### 6.    Sum Before Attorneys' Fees

15      44.    In sum, even before taking into account any attorneys' fees, the allegations

16  in Plaintiff's Complaint support that the total amount in controversy is over $5,000,000.

17  Indeed, using a conservative estimate, the total amount in controversy is **$31,397,030**

18  [$24,715,680 + $6,681,350] before attorneys' fees.

### 7.    Attorneys' Fees

20      45.    The Complaint also seeks attorneys' fees.  (*See, e.g.* Compl. Prayer for

21  Relief ¶ I.)  In determining the amount in controversy, the Court must consider the

22  recovery sought, including penalties, as well as recoverable statutory attorneys' fees.

23  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (finding that claims for

24  statutory attorneys' fees should be included in amount in controversy, regardless of

25  whether award is discretionary or mandatory); *Longmire v. HMS Host U.S., Inc.*, Case

26  No., 12-cv-2203, 2012 WL 5928485, at * 9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may

27  take into account reasonable estimates of attorneys' fees likely to be incurred when

28  analyzing disputes over amount in controversy under CAFA.") (citing *Brady v.*

79215926v.8

*Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002)); *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515, at \*15 (E.D. Cal. Apr. 30, 2007) (holding that attorneys' fees appropriately were included in determining amount in controversy).

46.    In the class action context, courts have found that 25% of the aggregate amount in controversy is a benchmark for attorneys' fees awards under the "percentage of fund" calculation and courts may depart from this benchmark when warranted. *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees are appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at \*78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 U.S. Dist. LEXIS 86920 at \*16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Securities Litigation*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25% of the common fund).

47.    Thus, even under the conservative benchmark of 25% of the total recovery, attorneys' fees based on the amount in controversy established above using conservative estimates is **$7,849,257.50** [$31,397,030 x .25].

### 8.    Total Sum

48.    As set forth above, the amount Plaintiffs have placed in controversy easily satisfies CAFA's $5,000,000 requirement. Indeed, using a conservative estimate, the total amount in controversy is **$39,246,287.50** [$31,397,030  + $7,849,257.50].

## VIII.  SUPPLEMENTAL JURISDICTION OVER THE UCL AND PAGA CLAIMS

This Court also has supplemental jurisdiction over Plaintiff's asserted claims under the California Unfair Competition Law ("UCL") and Private Attorneys General Act

("PAGA").  (Compl. ¶¶ 111-130.)  Indeed, Plaintiffs' claims asserted in the ninth and tenth causes of action form the same case or controversy because they are based on the same alleged "nucleus of operative facts."  *See, e.g.*, *Kohler v. Inter Tel Techs.*, 244 F.3d 1167, 1170 (9th Cir. 2001) (finding supplemental jurisdiction proper because claims stemmed from same factual circumstances); *Carey v. S.J. Louis Constr.*, 2010 WL 3853348, at \*4-5 (E.D. Cal. 2010) (denying motion to remand because one plaintiff demonstrated the required amount in controversy and the others alleged the same Labor Code violations such that their allegations were part of the same case or controversy).  Thus, the Court has proper jurisdiction over this case pursuant to 28 U.S.C. § 1367.

## IX.    VENUE

44.    Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c)(2).  This action originally was brought in the Riverside County Superior Court of the State of California.  Therefore, it is properly removed to this district.

## X.    NOTICE OF REMOVAL

45.    This Notice of Removal will be promptly served on Plaintiffs and filed with the Clerk of the Riverside County Superior Court of the State of California.

## XI.    PRAYER FOR REMOVAL

WHEREFORE, Defendant prays that this civil action be removed from the Riverside County Superior Court of the State of California, to the United States District Court for the Central District of California.

DATED:  February 3, 2022                    Respectfully submitted,

                                            SEYFARTH SHAW LLP


                                            By:  /s/ *Justin Curley*
                                               Justin Curley
                                               Ian T. Long

                                            Attorneys for Defendant
                                            CAPSTONE LOGISTICS, LLC

14

# EXHIBIT  A

EXHIBIT  A

Electronically FILED by Superior Court of California, County of Riverside on 12/30/2021 03:48 PM
Case Number CVRI2105859 0000007083811 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Arnia Brown, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Capstone Logistics, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Chris Torres and Troung Van-Uribe, individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):*<br>CVRI2105859 |
|---|---|

Riverside Historic Courthouse - 4050 Main Street, Riverside, CA 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert Ottinger - 535 Mission Street, 14th Floor, San Francisco 94105 (415-262-0096)

| DATE:<br>*(Fecha)* | 12/30/2021 | Clerk, by<br>*(Secretario)* | ACB | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

GC68150(g)

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Capstone Logistics, LLC

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☒ other *(specify)*: Corporation Code 17061

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]  [ Save this form ]  [ Clear this form ]

17

Electronically FILED by Superior Court of California, County of Riverside on 12/30/2021 03:48 PM
Case Number CVRI2105859 0000007083810 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Amia Brown, Clerk

Robert W. Ottinger (SBN 156825)
THE OTTINGER FIRM, P.C.
535 Mission Street
San Francisco, CA 94105
robert@ottingerlaw.com
Tel: 415-262-0096
Fax: 212-571-0505

*Attorneys for Plaintiffs*

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF RIVERSIDE**

| | |
|---|---|
| CHRIS TORRES and TROUNG VAN-URIBE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CAPSTONE LOGISTICS, LLC,<br><br>Defendant. | Case No.: C V R I 2 1 O 5 8 5 9<br><br>**CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT**<br><br>(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);<br>(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);<br>(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);<br>(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);<br>(6) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);<br>(7) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records);<br>(8) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);<br>(9) Violation of California Business & Professions Code §§ 17200, et seq.;<br>(10) Violation of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004)<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, Plaintiffs CHRIS TORRES ("Plaintiff TORRES") and TROUNG VAN-URIBE

1

("Plaintiff VAN-URIBE"), individually, and on behalf of all others similarly situated and aggrieved employees pursuant to the California Private Attorneys General Act, complains and alleges upon personal knowledge, information, and belief as follows:

### JURISDICTION AND VENUE

1.     Plaintiffs are informed and believe, and thereon allege that Defendant, was, at all relevant times, operating within the state of California and thus subject to the jurisdiction of California courts by reason of "minimum contacts;" transact and conduct business in the State of California; and are subject to the jurisdiction of all laws, regulations, and court decisions rendered by the state of California.

2.     Jurisdiction is proper under California Code of Civil Procedure § 410.10. Plaintiffs are informed and believe that Defendant was operating at all relevant times within California and thus subject to jurisdiction in California. Jurisdiction is conferred on this Court as to all causes of action because they arise under state statutory or common law. Jurisdiction is proper in this Court because alleged damages exceed $25,000.00, exclusive of costs and attorneys' fees.

3.     Venue is proper in this Court under Code of Civil Procedure § 395.5 because Defendant employs individuals in this County and Defendant's liability arose, in part, in this County, and Defendant continues to conduct business in this County.

### PARTIES

4.     Plaintiff TORRES is an individual residing in the State of California.

5.     Plaintiff VAN-URIBE is an individual residing in the State of California.

6.     Defendant CAPSTONE LOGISTICS, LLC, at all times herein mentioned, was and is, upon information and belief, a California limited liability company, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California, including the County of Riverside.

7.     Defendant is engaged in the supply chain management and freight transportation service industry and operates in the State of California and within this County.

8.     At all relevant times, Defendant CAPSTONE LOGISTICS, LLC, was the "employer" of Plaintiffs within the meaning of all applicable California laws and statutes.

### CLASS ACTION ALLEGATIONS

9.  Plaintiffs TORRES and VAN-URIBE incorporate all of the preceding paragraphs of this Complaint as if fully set forth herein.

10.  Class Members: Plaintiffs bring this action on behalf of themselves, and all others similarly situated pursuant to Code of Civil Procedure § 382 on behalf of the proposed class.

11.  The proposed class is defined as follows:

> All persons employed by Defendant in California as hourly and/or otherwise non-exempt employees during the period beginning four years before the filing of this action and ending when final judgment is entered.

12.  **Reservations of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiffs reserve the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

13.  **Numerosity:** Plaintiffs are informed and believe and thereon allege that Class Members are so numerous that the individual joinder of each class member is impractical. Plaintiffs are informed, believe, and thereon allege that the actual number exceeds the minimum number required for numerosity purposes under Code of Civil Procedure § 382.

14.  **Predominant Common Questions:** Plaintiffs are informed, believe, and thereon allege that common questions of law and fact exist as to all Class Members and predominate over any questions that only affect individual class members. These questions include, but are not limited to:

> A.  Whether Defendant, as matters of policy or practice, has failed to relieve Class Members of all duty for meal periods before the end of the fifth hour, or when necessary, before the tenth hour?
>
> B.  Whether Defendant has failed to maintain a policy or practice that reasonably permits Class Members to take net rest periods of ten minutes for each four-hour work period, or major portion thereof?
>
> C.  Whether Defendant has, as matters of policy or practice, failed to make good faith efforts to provide Class Members with rest periods of during the middle of each four-hour work period?
>
> D.  Whether Defendant lacks any mechanism for paying premium wages to Class

1         Members when they are not provided with timely meal and/or rest periods?

2    E.    Whether, by failing to pay premium wages to Class Members, Defendant has failed to provide them with written wage statements that accurately reflect their gross and net wages earned?

5    F.    Whether, by failing to pay premium wages to Class Members, Defendants is liable to them for waiting time penalties under Labor Code § 203?

7    G.    Whether, by withholding wages from Class Members, Defendant has committed a violation of Labor Code § 221?

9    H.    Whether Defendant had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all missed meal periods and rest breaks in violation of California law?

12    I.    Whether Defendant complied with wage reporting as required by the California Labor Code, including, *inter alia*, section 226?

14    J.    Whether Defendant failed to pay timely and complete wages to former employees at termination in violation of California Labor Code, sections 201, 202, and 203?

16    K.    Whether Defendant kept complete and accurate payroll records as required by the California Labor Code, including *inter alia*, section 1174(d)?

18    L.    Whether Defendant's conduct was willful or reckless?

19    M.    Whether Defendant engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*?

21    N.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendant's violation of California law?

23    O.    Whether Plaintiff and the other Class Members are entitled to compensatory damages pursuant to the California Labor Code?

25    P.    Whether Defendant failed to reimburse Plaintiff and the other Class Members for necessary business-related expenses and costs?

27    Q.    Whether Plaintiff and others are entitled to civil penalties under California Labor Code section 2699 *et seq.*?

15.     **Typicality:** Plaintiffs are informed, believe, and thereon allege that their claims are typical of class members' claims in that Defendant has policies and practices that violate the Labor Code, Wage Order, and Business and Professions Code as alleged herein that enable them to seek the same relief as they are under the same theories of recovery.

16.     **Adequacy of Representation:** Plaintiffs will fairly and adequately represent and protect the interests of class members in that they have no interests that are adverse to Class Members and are represented by counsel experienced in employment and wage and hour class action litigation.

17.     **Superiority:** A class action is superior to other available means for fair and efficient adjudication of class members' claims and offers significant benefits to the parties and the court. A class action will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. The monetary amounts due to many class members are likely to be relatively small, thus making it difficult, if not impossible, for individual class members to seek and obtain relief. Moreover, a class action will serve important public interests by enabling the non-waivable statutory rights of class members to be effectively asserted, and fundamental public policies to be vindicated, in one proceeding. A class action will also provide a means for vindicating the rights of current employees who are less likely to come forward to assert those rights based on fears of employer reprisal. Finally, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation and address the problems inherent in random and fragmentary enforcement.

## PAGA ALLEGATIONS

18.     At all times herein set forth, PAGA was applicable to Plaintiffs TORRES and VAN-URIBE'S employment by Defendant.

19.     At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty, including unpaid wages and premium wages, to be assessed and collected by LWDA for violations of the California Labor Code may, as an alternative, be recovered through civil action brought by an aggrieved employee on behalf of themselves and other current or former employees pursuant to procedures outlined in California Labor Code § 2699.3.

20.     Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved

employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

21.     Plaintiffs TORRES and VAN-URIBE were employed by Defendant and the alleged violations were committed against them during their time of employment and they are, therefore, aggrieved employees. Plaintiffs TORRES and VAN-URIBE and the other employees are "aggrieved employees" as defined by California Labor Code § 2699(c) in that they are current or former employees of Defendant, and one or more of the alleged violations were committed against them.

## STATEMENT OF LWDA NOTICE COMPLIANCE

22.     Plaintiffs provided written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and to Defendant of the legal claims and theories of this case. Plaintiffs will amend their complaint to plead exhaustion of administrative remedies following the statutorily prescribed sixty-five day waiting period in which no response was received from the LWDA. Labor Code § 2699.3.

## GENERAL ALLEGATIONS

23.     At all relevant times set forth herein, Defendant employed Plaintiffs and other persons as hourly-paid or non-exempt employees within the State of California, County of Riverside.

24.     Defendant employed Plaintiff TORRES as an hourly-paid, non-exempt employee, from approximately 2012, to December 2021, in the State of California.

25.     Defendant employed Plaintiff VAN-URIBE as a piecework paid, non-exempt employee, from approximately April of 2021 to December 15, 2021, in the State of California.

26.     Defendant hired Plaintiffs and the other class members and aggrieved employees and classified them as hourly-paid or non-exempt employees and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

27.     Defendant had the authority to hire and terminate Plaintiffs and the other class members and aggrieved employees, to set work rules and conditions governing Plaintiffs' and the other class members' and aggrieved employees' employment, and the supervise their daily employment activities.

28.     Defendant exercised sufficient authority over the terms and conditions of Plaintiffs' and the other class members' and aggrieved employees' employment.

29.     Defendant directly hired and paid wages and benefits to Plaintiffs the other class members and aggrieved employees.

30.     Defendant continues to employ hourly-paid, piecework paid, or non-exempt employees within the State of California.

31.     Plaintiffs and the other class members and aggrieved employees worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendant.

32.     Plaintiffs are informed and believe, and based thereon allege, that Defendant engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, *inter alia,* failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

33.     Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members and aggrieved employees were entitled to receive certain wages for overtime compensation for all overtime hours worked.

34.     Plaintiffs are informed and believe, and based thereon allege, that Defendant failed to provide Plaintiffs and the other class members and aggrieved employees all required meal and rest periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus are entitled to any and all applicable penalties.

35.     Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members and aggrieved employees were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour at Plaintiffs' and the other class members' regular rate of pay when a meal period was missed.

36.     Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members and aggrieved employees were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class members' and aggrieved employees' regular rate of

pay when a rest period was missed.

37.    Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members and aggrieved employees were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

38.    Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members and aggrieved employees were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

39.    Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members and aggrieved employees were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendant. The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiffs and the other class members.

40.    Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Defendant had to keep complete and accurate payroll records for Plaintiffs and the other class members and aggrieved employees in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

41.    Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members and aggrieved employees were entitled to reimbursement for necessary business-related expenses.  Plaintiff TORRES had to pay for necessary business expenses to perform his duties, including his Wi-Fi at home for weekly close out reports, staff lunches, and office supplies to include pens, dry erase markers, staples, and gloves.

42.    Plaintiffs are informed and believe, and based-thereon allege, that Defendant knew or should have known that they had a duty to compensate Plaintiffs and the other class members and aggrieved employees pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to

1   Plaintiffs and the other class members and aggrieved employees that they were properly denied wages, all
2   in order to increase Defendant's profits.

3       43.    During the relevant time period, Defendant failed to pay overtime wages to Plaintiffs and
4   the other class members and aggrieved employees for all overtime hours worked. Plaintiffs and the other
5   class members and aggrieved employees were required to work more than eight (8) hours per day and/or
6   forty (40) hours per week without overtime compensation for all overtime hours worked.

7       44.    During the relevant time period, Defendant failed to provide all requisite uninterrupted meal
8   and rest periods to Plaintiffs and aggrieved employees and the other class members.

9       45.    During the relevant time period, Defendant failed to pay Plaintiffs and the other class
10  members and aggrieved employees at least minimum wages for all hours work.

11      46.    During the relevant time period, Defendant failed to pay Plaintiffs and the other class
12  members and aggrieved employees all wages owed to them upon discharge or resignation.

13      47.    During the relevant time period, Defendant failed to provide complete or accurate wage
14  statements to Plaintiffs and the other class members and aggrieved employees.

15      48.    During the relevant time period, Defendant failed to keep complete or accurate payroll
16  records for Plaintiffs and the other class members and aggrieved employees.

17      49.    During the relevant time period, Defendant failed to reimburse Plaintiffs and the other class
18  members and aggrieved employees for all necessary business-related expenses and costs.

19      50.    During the relevant time period, Defendant failed to properly compensate Plaintiffs and the
20  other class members and aggrieved employees pursuant to California law in order to increase Defendant's
21  profits.

22      51.    California Labor Code § 218 states that nothing in Article 1 of the Labor Code shall limit
23  the right of any wage claimant to "sue directly ... for any wages or penalty due to him [or her] under this
24  article."

25                          **FIRST CAUSE OF ACTION**

26                  **(Violation of Cal. Lab. Code §§ 510 and 1198)**

27      52.    Plaintiffs incorporate all of the preceding paragraphs of this Complaint as if fully set forth
28  herein.

53.     California Labor Code § 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

54.     Specifically, the applicable IWC Wage Order provides that Defendant is and was required to pay Plaintiffs and the other class members employed by Defendant and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

55.     The applicable IWC Wage Order further provides that Defendant is and was required to pay Plaintiffs and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

56.     California Labor Code § 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

57.     During the relevant time period, Plaintiffs and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

58.     During the relevant time period, Defendant intentionally and willfully failed to pay overtime wages owed to Plaintiffs and the other class members.

59.     Defendant's failure to pay Plaintiffs and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code §§ 510 and 1198, and is therefore unlawful.

60.     Pursuant to California Labor Code § 1194, Plaintiffs and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

///

///

10
COMPLAINT

## SECOND CAUSE OF ACTION

### (Violation of Cal. Lab. Code §§ 226.7 and 512(a))

61.     Plaintiffs incorporate all of the preceding paragraphs of this Complaint as if fully set forth herein.

62.     At all relevant times, the IWC Order and California Labor Code §§ 226.7 and 512(a) were applicable to Plaintiffs' and the other class members' employment by Defendant.

63.     At all relevant times, California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

64.     At all relevant times, the applicable IWC Wage Order and California Labor Code § 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

65.     At all relevant times, the applicable IWC Wage Order and California Labor Code § 512(a) further provides that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

66.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

67.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

68. During the relevant time period, Defendant intentionally and willfully required Plaintiffs and the other class members to work during meal periods and failed to compensate Plaintiffs and the other class members the full meal period premium for work performed during meal periods.

69. During the relevant time period, Defendant failed to pay Plaintiffs and the other class members the full meal period premiums due pursuant to California Labor Code § 226.7.

70. Defendant's conduct violates applicable IWC Wage Order and California Labor Code §§ 226.7 and 512(a).

71. Pursuant to applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendant one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

### THIRD CAUSE OF ACTION

### (Violation of Cal. Lab. Code § 226.7)

72. Plaintiffs incorporate all of the preceding paragraphs of this Complaint as if fully set forth herein.

73. At all times herein set forth, the applicable IWC Wage Order and California Labor Code § 226.7 were applicable to Plaintiffs' and the other class members' employment by Defendant.

74. At all relevant times, California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

75. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof unless the total daily work time is less than three and one-half (3 ½) hours.

76. During the relevant time period, Defendant required Plaintiffs and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

77.    During the relevant time period, Defendant willfully required Plaintiffs and the other class members to work during rest periods and failed to pay Plaintiffs and the other class members the full rest period premium for work performed during rest periods.

78.    During the relevant time period, Defendant failed to pay Plaintiffs and the other class members the full rest period premium due pursuant to California Labor Code § 226.7.

79.    Defendant's conduct violates applicable IWC Wage Orders and California Labor Code § 226.7.

80.    Pursuant to the applicable IWC Wage Orders and California Labor Code § 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendant one additional hour of pay at the employees' regular hourly rate of compensation for each workday that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1)

81.    Plaintiffs incorporate all of the preceding paragraphs of this Complaint as if fully set forth herein.

82.    At all relevant times, California Labor Code §§ 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

83.    During the relevant time period, Defendant failed to pay minimum wage to Plaintiffs and the other class members as required, pursuant to California Labor Code §§ 1194, 1197, and 1197.1.

84.    Defendant's failure to pay Plaintiffs and the other class members the minimum wage as required violates California Labor Code §§ 1194, 1197, and 1197.1. Pursuant to those sections Plaintiffs and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

85.    Pursuant to California Labor Code § 1197.1, Plaintiffs and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

86.    Pursuant to California Labor Code § 1194.2, Plaintiffs and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### FIFTH CAUSE OF ACTION

### (Violation of Cal. Lab. Code §§ 201 and 202)

87.    Plaintiffs incorporate all of the preceding paragraphs of this Complaint as if fully set forth herein.

88.    At all relevant times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

89.    During the relevant time period, Defendant intentionally and willfully failed to pay Plaintiffs and the other class members who are no longer employed by Defendant their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendant's employment.

90.    Defendant's failure to pay Plaintiffs and the other class member who are no longer employed by Defendant their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendant's employment, is in violation of California Labor Code §§ 201 and 202.

91.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

92.     Plaintiffs and the other class members are entitled to recover from Defendant the statutory penalty wages for each day they were not paid, up to a thirty (30) days maximum pursuant to California Labor Code § 203.

## SIXTH CAUSE OF ACTION

### (Violation of Cal. Lab. Code § 226(a))

93.     Plaintiffs incorporate all of the preceding paragraphs of this Complaint as if fully set forth herein.

94.     At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

95.     Defendant has intentionally and willfully failed to provide Plaintiffs and the other class members with complete and accurate wage statements. The deficiencies include but are not limited to the failure to include the total number of hours worked by Plaintiffs and the other class members.

96.     As a result of Defendant's violation of California Labor Code § 226(a), Plaintiffs and the other class members have suffered injury and damage to their statutorily protected rights.

97.     More specifically, Plaintiffs and the other class members have been injured by Defendant's intentional and willful violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code § 226(a).

98.    Plaintiffs and the other class members are entitled to recover from Defendant the greater of their actual damages caused by Defendant's failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

99.    Plaintiffs and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h).

## SEVENTH CAUSE OF ACTION

### (Violation of Cal. Lab. Code § 1174(d))

100.    Plaintiffs incorporate all of the preceding paragraphs of this Complaint as if fully set forth herein.

101.    Pursuant to California Labor Code § 1174(d), an employer shall keep at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by, and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than two years.

102.    Defendant has intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid to Plaintiffs and the other class members.

103.    As a result of Defendant's violation of California Labor Code § 1174(d), Plaintiffs and the other class members have suffered injury and damage to their statutorily protected rights.

104.    More specifically, Plaintiffs and the other class members have been injured by Defendant's intentional and willful violation of California Labor Code § 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code § 1174(d).

## EIGTH CAUSE OF ACTION

### (Violation of Cal. Lab. Code §§ 2800 and 2802)

105.    Plaintiffs incorporate all of the preceding paragraphs of this Complaint as if fully set forth herein.

106.    Pursuant to California Labor Code §§ 2800 and 2802, an employer must reimburse its

employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

107.    Plaintiffs and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendant.

108.    Plaintiff TORRES had to pay for necessary business expenses to perform his duties, including his Wi-Fi at home for weekly close out reports, staff lunches, and office supplies to include pens, dry erase markers, staples, and gloves.

109.    Plaintiff VAN-URIBE had to pay for necessary business expenses to perform his duties, including work boots and cold weather garments for working in the warehouse freezer.

110.    Defendant has intentionally and willfully failed to reimburse Plaintiffs and the other class members for all necessary business-related expenses and costs. Plaintiffs and the other class members are entitled to recover from Defendant their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## NINTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

111.    Plaintiffs incorporate all of the preceding paragraphs of this Complaint as if fully set forth herein.

112.    Defendant's conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, other class members, to the general public, and Defendant's competitors. Accordingly, Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

113.    Defendant's activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §17200, et seq.

114.    A violation of California Business & Professions Code §§ 17200, et seq may be predicated on the violation of any state or federal law. In this instant case, Defendant's policies, and practices of requiring employees, including Plaintiffs and the other class members, to work overtime without paying

them proper compensation violate California Labor Code §§ 510 and 1198. Additionally, Defendant's policies and practices of requiring employees, including Plaintiffs and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code §§ 226.7 and 512(a). Defendant's policies and practices of failing to pay minimum wages violate California Labor Code §§ 1194, 1197, and 1197.1. Moreover, Defendant's policies and practices of failing to timely pay wages to Plaintiffs and the other class members violate California Labor Code §§ 201, 202 and 204. Defendant also violated California Labor Code §§ 226(a), 1174(d), 2800 and 2802.

115.   As a result of the herein described violations of California law, Defendant unlawfully gained an unfair advantage over other businesses.

116.   Plaintiffs and the other class members have been personally injured by Defendant's unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

117.   Pursuant to California Business & Professions Code §§ 17200, et seq., Plaintiffs and the other class members are entitled to restitution of the wages withheld and retained by Defendant during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure § 1021.5 and other applicable laws; and an award of costs.

## TENTH CAUSE OF ACTION

### (Violation of Cal. Lab. Code §§ 2698, et seq.)

118.   Plaintiffs incorporate all of the preceding paragraphs of this Complaint as if fully set forth herein.

119.   PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

120.   Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

121.    Plaintiffs and the other hourly-paid, piecework paid, or non-exempt employees, are "aggrieved employees" as defined by California Labor Code § 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

### Failure to Pay Overtime

122.    Defendant's failure to pay legally required overtime wages to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code §§ 510 and 1198.

### Failure to Provide Meal Periods

123.    Defendant's failure to provide legally required meal periods to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code §§ 226.7 and 512(a).

### Failure to Provide Rest Periods

124.    Defendant's failure to provide legally required rest periods to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code § 226.7.

### Failure to Pay Minimum Wages

125.    Defendant's failure to pay legally required minimum wages to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor 24 Code §§ 1194, 1197 and 1197.1.

### Failure to Timely Pay Wages Upon Termination

126.    Defendant's failure to timely pay wages to Plaintiffs and the other aggrieved employees upon termination in accordance with Labor Code §§ 201 and 202 constitutes unlawful and/or unfair activity prohibited by California Labor Code §§ 201 and 202.

### Failure to Provide Complete and Accurate Wage Statements

127.    Defendant's failure to provide complete and accurate wage statements to Plaintiffs and the other aggrieved employees in accordance with Labor Code § 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code § 226(a).

### Failure to Keep Complete and Accurate Payroll Records

128.    Defendant's failure to keep complete and accurate payroll records relating to Plaintiffs and the other aggrieved employees in accordance with California Labor Code § 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code § 1174(d).

### Failure to Reimburse Necessary Business-Related Expenses and Costs

129.    Defendant's failure to reimburse Plaintiffs and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code §§ 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Labor Code §§ 2800 and 2802.

130.    Pursuant to California Labor Code § 2699, Plaintiffs, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendant business expenses, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees, and costs pursuant to California Labor Code § 218.5, as well as all statutory penalties against Defendant.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and all others similarly-situated, pray for relief and judgment against Defendant as follows:

A.    A declaratory judgment that the actions, conduct, and practices of Defendant complained of herein violated the laws of the United States and the State of California;

B.    An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.    An order that the action be certified as a class action;

D.    An order that the named Plaintiffs herein be appointed class representatives;

E.    An order that counsel for Plaintiffs be appointed class counsel;

F.    An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs for all monetary and/or economic hardship, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

G.    An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs for all non-monetary and compensatory harm;

H.    An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiffs in an amount to be determined at trial, plus prejudgment interest;

1    I.    For reasonable attorneys' fees and costs, including expert witness fees, pursuant to

2    California CCP §1021.5;

3    J.    For costs of suit herein incurred; and

4    K.    For such other and further relief as the Court deems just and proper.

5

6    Dated: December 30, 2021                    Respectfully submitted,

7    San Francisco, CA

8                                               Robert W. Ottinger (SBN 156825)

9                                               THE OTTINGER FIRM, P.C.
                                                535 Mission Street
10                                              San Francisco, CA 94105
                                                robert@ottingerlaw.com
11                                              Tel: 415-262-0096
                                                Fax: 212-571-0505
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21
COMPLAINT

Exhibit A

# EXHIBIT  B

# EXHIBIT  B

**THE SUPERIOR COURT OF CALIFORNIA**
## COUNTY OF RIVERSIDE

## CVRI2105859          TORRES vs CAPSTONE LOGISTICS, LLC
Filed Date:  **12/30/2021**          **Unlimited Civil Other Employment**
Case Status: **Active**                    **Riverside - Department 6**

<u>Print Case Report</u>

## Case Summary

### ⌄ COMPLAINTS/PETITIONS

| Filings | Represented By | Status | Dispositions |
|---|---|---|---|
| **TORRES vs CAPSTONE LOGISTICS, LLC** Unlimited Civil Other Employment | | Active | |
| **Complaint for Other Employment (Over $25,000) of CHRIS TORRES** | | Filed: 12/30/2021 | |
| Plaintiff: CHRIS TORRES | ROBERT OTTINGER | | |
| Plaintiff: TROUNG VAN-URIBE | ROBERT OTTINGER | | |
| Defendant: CAPSTONE LOGISTICS, LLC | | Served as of 01/04/2022 | |

### ⌄ HEARINGS

| Date Time | Type | Judicial Officer | Location/Courtroom | Disposition |
|---|---|---|---|---|
| 03/04/2022 08:30 AM | Case Management Conference - Complex | | Department 6 | |

### ⌄ DOCUMENTS

Search

<u>Document Download</u>

| Status | Date | Description | Filed By | Confidential |
|---|---|---|---|---|
| Filed | 12/30/2021 | Class Action and Representative Action Complaint | CHRIS TORRES; TROUNG VAN-URIBE | **40** **Exhibit  B** |

| Status | Date | Description | Filed By | Confidential |
|--------|------|-------------|----------|--------------|
| Filed | 12/30/2021 | Summons Issued and Filed | CHRIS TORRES; TROUNG VAN-URIBE | |
| Filed | 12/30/2021 | Civil Case Cover Sheet (Complex) (CM-010) | CHRIS TORRES; TROUNG VAN-URIBE | |
| Filed | 12/30/2021 | Certificate of Counsel. | CHRIS TORRES; TROUNG VAN-URIBE | |
| Generated | 01/03/2022 | Notice of Case Management Conference | | |
| Generated | 01/03/2022 | Notice of Department Assignment | | |
| Filed | 01/06/2022 | Proof of Service on Complaint for Other Employment (Over $25,000) of CHRIS TORRES | CHRIS TORRES; TROUNG VAN-URIBE | |

## ˅ CASE LEDGER

| Date Imposed | Fee/Fine Description | Amount | Paid | Balance |
|--------------|---------------------|--------|------|---------|
| 01/03/2022 | Additional fee for case designated as complex - Plaintiff (GC70616A) | $1,000.00 | $1,000.00 | $0.00 |
| 01/03/2022 | Unlimited complaint or other first paper in unlimited civil case amount over $25,000 including UD over $25K, petition for writ of review, mandate, or prohibition; petition for a decree of change of name or gender (GC70611) | $450.00 | $450.00 | $0.00 |
| 01/12/2022 | Fee for eFiling | $1.00 | $1.00 | $0.00 |

Go Back

Copyright © Journal Technologies, USA. All rights reserved.

Electronically FILED by Superior Court of California, County of Riverside on 12/30/2021 03:48 PM
Case Number CVRI2105859 0000007083813 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Amia Brown, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | | | | |
|---|---|---|---|---|
| ☐ | **BANNING** 311 E. Ramsey St., Banning, CA 92220 | | ☐ | **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ | **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | | ☐ | **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ | **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | | ☒ | **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ | **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | | | |

**RI-CI032**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*
Robert Ottinger (SBN 156825)
535 Mission Street, 14th Floor
San Francisco, CA 94105

TELEPHONE NO: 415-262-0096    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* Robert@ottingerlaw.com
ATTORNEY FOR *(Name):* Plaintiffs Chris Torres and Troung Van-Uribe, et al.

FOR COURT USE ONLY

PLAINTIFF/PETITIONER: Chris Torres and Troung Van-Uribe, et al.

DEFENDANT/RESPONDENT: Capstone Logistics, LLC

CASE NUMBER:
CVRI2105859

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒    The action arose in the zip code of:  92879 _____

☐    The action concerns real property located in the zip code of:  _____

☐    The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  December 30, 2021 _____

Robert Ottinger _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _____
(SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]

**CERTIFICATE OF COUNSEL**

Local Rule 3117
riverside.courts.ca.gov/localforms/localforms.shtml

42
Exhibit B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert Ottinger (SBN 156825)<br>535 Mission Street, San Francisco, CA 94105<br>TELEPHONE NO.: 415-262-0096    FAX NO. *(Optional):*<br>E-MAIL ADDRESS: robert@ottingerlaw.com<br>ATTORNEY FOR *(Name):* Plaintiffs, Chris Torres and Troung Van-Uribe, et al. | Electronically FILED by Superior Court of California, County of Riverside on 12/30/2021 03:48 PM<br>Case Number CVRI2105859 0000007093812 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Amia Brown, Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Chris Torres and Troung Van-Uribe, et al. v. Capstone Logistics, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CVRI 2 1 0 5 8 5 9<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09)<br>[ ] Insurance coverage (18) | [ ] Mass tort (40)<br>[ ] Securities litigation (28) |
| [ ] Asbestos (04)<br>[ ] Product liability (24) | [ ] Other contract (37)<br>**Real Property** | [ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08) | [ ] Other real property (26)<br>**Unlawful Detainer** | [ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint** |
| [ ] Defamation (13)<br>[ ] Fraud (16) | [ ] Commercial (31)<br>[ ] Residential (32) | [ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19)<br>[ ] Professional negligence (25) | [ ] Drugs (38)<br>**Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36)<br>[x] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | |

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve         courts in other counties, states, or countries, or in a federal
   c. [x] Substantial amount of documentary evidence          court
                                                             f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Ten
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 30, 2021

Robert Ottinger
_____    ▶ _____
(TYPE OR PRINT NAME)                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2105859

**Case Name:**   TORRES vs CAPSTONE LOGISTICS, LLC

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Sunshine Sykes in Department 6  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 01/03/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by:  _____

A. Brown, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2105859

**Case Name:**    TORRES vs CAPSTONE LOGISTICS, LLC

ROBERT OTTINGER
535 MISSION STREET 14TH FLOOR
San Francisco, CA 94105

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 03/04/2022 | 8:30 AM | Department 6 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 01/03/2022                                                W. SAMUEL HAMRICK JR.,
                                                                              Court Executive Officer/Clerk of Court


                                                              by:  NO SIGNATURE ON FILE
                                                                        J. EFM, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2105859

**Case Name:**    TORRES vs CAPSTONE LOGISTICS, LLC

CHRIS TORRES

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|:---:|:---:|:---:|
| **03/04/2022** | **8:30 AM** | **Department 6** |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 01/03/2022                                  W. SAMUEL HAMRICK JR.,
                                                   Court Executive Officer/Clerk of Court


                                                   by: _NO SIGNATURE ON FILE_____
                                                        J. EFM, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

**48**
**Exhibit  B**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2105859

**Case Name:**   TORRES vs CAPSTONE LOGISTICS, LLC

TROUNG VAN-URIBE

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 03/04/2022 | 8:30 AM | Department 6 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.


Dated: 01/03/2022                                    W. SAMUEL HAMRICK JR.,
                                                     Court Executive Officer/Clerk of Court


                                            by:  NO SIGNATURE ON FILE
                                                  J. EFM, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2105859

**Case Name:**    TORRES vs CAPSTONE LOGISTICS, LLC


CAPSTONE LOGISTICS, LLC


## NOTICE OF CASE MANAGEMENT CONFERENCE


The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|:---:|:---:|:---:|
| 03/04/2022 | 8:30 AM | Department 6 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |


No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

<table>
<tr><td></td><td>Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.</td></tr>
<tr><td></td><td>Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A <em>Request for Accommodations by Persons With Disabilities and Order</em> (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)</td></tr>
</table>

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.


Dated: 01/03/2022                                  W. SAMUEL HAMRICK JR.,
                                                   Court Executive Officer/Clerk of Court


                                                   by: _NO SIGNATURE ON FILE_____
                                                        J. EFM, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2105859

OTTINGER, ROBERT                     TORRES, CHRIS
535 MISSION STREET 14TH FLOOR
San Francisco, CA 94105
                                     CAPSTONE LOGISTICS, LLC

VAN-URIBE, TROUNG

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert Ottinger, 156825<br>The Ottinger Firm<br>535 Mission Street, 14th Floor<br>San Francisco, CA 94105<br>TELEPHONE NO.: (509) 301-1313<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, Riverside County

4050 Main Street

Riverside, CA 92501-3703

| PLAINTIFF/PETITIONER: Chris Torres, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Capstone Logistics, LLC | CVRI2105859 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Capstone Logistics |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Summons, Complaint, Civil Case Cover Sheet, Certificate of Counsel, Alternative Dispute Resolution Information Packet, Notice of Department Assignment

3. a. Party served: Capstone Logistics, LLC

   b. Person Served: Cogency Global Inc. - Phillip Morado - Person Authorized to Accept Service of Process

4. Address where the party was served: 1325 J St<br>      Sacramento, CA 95814
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 01/04/2022    (2) at (time): 3:29PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Capstone Logistics, LLC<br>   under: Other: Limited Liability Company

7. **Person who served papers**
   a. Name:    Brandon Lee Ortiz
   b. Address:   One Legal - P-000618-Sonoma<br>               1400 North McDowell Blvd, Ste 300<br>               Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 80.00
   e I am:
      (3) registered California process server.
        (i) Employee or independent contractor.
        (ii) Registration No.: 2012-37
        (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 01/05/2022



Brandon Lee Ortiz

(NAME OF PERSON WHO SERVED PAPERS)             (SIGNATURE)

**54**

**Exhibit B**

# EXHIBIT  C

# EXHIBIT  C

**THE SUPERIOR COURT OF CALIFORNIA**

## COUNTY OF RIVERSIDE

# Subsequent Receipt

Filed to Court Successfully

## Your Order Number: **EF-a5f177eae741**

## Court Transaction ID: **22RSCR00026075**

### Order

| | |
|---|---|
| County/Location: | Superior Court of California, County of Riverside Historic Court House Department 6 |
| Matter #: | SF79049 |
| Submitted Date: | 02/03/2022 10:19am |

### Case

| | |
|---|---|
| Filing Title: | TORRES vs CAPSTONE LOGISTICS, LLC |
| Case Type: | Civil |
| Case Category; | Unlimited Civil Other Employment |
| Case Number: | CVRI2105859 |
| Case Name: | TORRES vs CAPSTONE LOGISTICS, LLC |

### Documents

| | |
|---|---|
| Answer to Complaint | sf79049.3487976.torres_capstone-defendant-answer-to-plfs-complaint.pdf - 250736kb |

### Additional Documents

**Estimated Fees**

Answer to Complaint (CV00035) - Additional fee for case designated as complex - Defendant (GC70616B)

Answer to Complaint (CV00195) - Unlimited response: answer or other first paper filed by each party other than p

Convenience Fee (CONV)

Fee for eFiling (CW30EFF)

JTI Credit Card Transaction Fee (CCTF)

## Total

Print Receipt    Exhibit C
View My Filing

1  SEYFARTH SHAW LLP
   Gerald L. Maatman (IL 6181016) (*pro hac vice application to follow*)
2  gmaatman@seyfarth.com
   Jennifer A. Riley (IL 6272366) (*pro hac vice application to follow*)
3  jriley@seyfarth.com
   Telephone:    (312) 460-5000
4  Facsimile:    (312) 460-7000

5  SEYFARTH SHAW LLP
   Justin Curley (SBN 233287)
6  jcurley@seyfarth.com
   Ian T. Long (SBN 290975)
7  itlong@seyfarth.com
   560 Mission Street, 31st Floor
8  San Francisco, California 94105
   Telephone:    (415) 397-2823
9  Facsimile:    (415) 397-8549

10 Attorneys for Defendants
   CAPSTONE LOGISTICS, LLC

11

12                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                              COUNTY OF RIVERSIDE

14 | CHRIS TORRES and TROUNG VAN-URIBE, individually and on behalf of all others similarly situated, | Case No.  CVRI2105859 |
15 | | **DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT** |
16 |                 Plaintiffs, | |
17 |        v. | Complaint Filed:  December 30, 2021 |
18 | CAPSTONE LOGISTICS, LLC, | |
19 |                 Defendant. | |

20

21

22

23

24

25

26

27

28

                                                                    **57**

Defendant CAPOSTONE LOGISTICS, LLC ("Defendant") hereby answers the unverified Class Action and Representative Action Complaint ("Complaint") filed on behalf of Plaintiffs CHRIS TORRES and TROUNG VAN-URIBE ("Plaintiffs"), purportedly acting individually and on behalf of all other persons similarly situated, as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendant denies, generally and specifically, each and every allegation, and each purported cause of action contained in Plaintiffs' Complaint. Defendant further denies, generally and specifically, that Plaintiffs, or any purported putative class member and/or allegedly aggrieved employee, has been damaged in the manner and sums alleged, or in any way at all, by reason of any alleged act or omission of Defendant.

## DEFENSES

In further answer to Plaintiffs' Complaint, Defendant alleges the following separate defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

## FIRST DEFENSE

(Failure To State A Cause Of Action Upon Which Relief Can Be Granted - All Causes of Action)

The Complaint, and each purported cause of action alleged therein, should be dismissed to the extent it fails to state facts sufficient to constitute claims upon which relief can be granted against Defendant.

## SECOND DEFENSE

(Claims Subject to Arbitration - All Causes of Action)

Plaintiffs, putative class members and/or allegedly aggrieved employees have agreed to arbitrate any or all of the purported claims asserted in the Complaint. The filing of the Complaint violates such agreements to arbitrate and the Complaint should be dismissed and/or stayed and Plaintiffs, putative class members and/or allegedly aggrieved employees should be compelled to arbitrate those claims subject to arbitration agreements.

79192235v.2

**Exhibit C**

### THIRD DEFENSE

(Exclusive Concurrent Jurisdiction - All Causes of Action)

The Complaint, and each purported cause of action, is barred to the extent Plaintiffs, putative class members and/or allegedly aggrieved employees are representatives of the State and/or a party to another pending action also seeking penalties on behalf of the same putative class members and/or allegedly aggrieved employees based on the same claims, and prohibited under Code of Civil Procedure section 430.10(c) or the rule of exclusive concurrent jurisdiction.

### FOURTH DEFENSE

(Waiver and Release - All Causes of Action)

To the extent Plaintiffs, putative class members and/or allegedly aggrieved employees enter or have entered into a release as to any Labor Code violations alleged in the Complaint, including claims under Labor Code §§ 2698, *et seq.*, or to the extent that another action asserting similar claims or issues has been adjudicated on the merits, their claims are barred by that release.

### FIFTH DEFENSE

(Res Judicata - All Causes of Action)

Plaintiffs, putative class members and/or allegedly aggrieved employees are barred by the doctrines of res judicata and/or collateral estoppel from pursuing the claims in the Complaint, to the extent that Plaintiffs, putative class members and/or allegedly aggrieved employees have asserted in any prior legal or administrative proceeding that they were entitled to additional payment for overtime, meal periods, rest breaks, waiting time penalties, reimbursements or indemnifications for allegedly necessary expenditures, that they had errors on their wage statements, or any other allegations in the Complaint, and did not prevail on such claim(s).

### SIXTH DEFENSE

(Statutes of Limitations - All Causes of Action)

Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred by the applicable statutes of limitation for each alleged cause of action, including but not limited to California Code of Civil Procedure sections 312, 338 *et seq.*, 340 and 343, Business and Professions Code section 17208 and California Labor Code section 2699.3.

Exhibit C

### SEVENTH DEFENSE

#### (Emergency Rule 9 Unconstitutional - All Causes of Action)

To the extent Emergency Rule 9 is interpreted to expand the limitations period during which Plaintiffs, putative class members and/or allegedly aggrieved employees may recover alleged damages - in the form of wages, penalties, or otherwise - from Defendant, it is unconstitutional.  Under the Constitution of the State of California, a rule adopted by the Judicial Council cannot be inconsistent with a statute.  "If a rule is inconsistent with a statute, the statute controls." *Hess v. Ford Motor Co.*, 27 Cal. 4th 516, 532 (2002); *California Court Reporters Assn. v. Judicial Council of California*, 39 Cal.App.4th 15, 22 (1995) (Judicial Council's "rulemaking power is limited by existing law as enacted by the Legislature, thus making the legislative branch an inherently higher authority than the Judicial Council itself").  Because Emergency Rule 9 is contrary to multiple statutes, and would potentially increase Defendant's damages exposure, it is unconstitutional as applied to Defendant in this case.

### EIGHTH DEFENSE

#### (Laches, Waiver, Estoppel - All Causes of Action)

Plaintiffs, putative class members and/or allegedly aggrieved employees are not entitled to any relief to the extent that they forfeited their right to relief under the doctrine of laches, waived their right to relief, or are estopped from seeking the relief requested in the Complaint.

### NINTH DEFENSE

#### (Unclean Hands - All Causes of Action)

Plaintiffs' purported causes of action on their own behalf and on behalf of the putative class members and/or aggrieved employees they seek to represent are barred in whole or in part by the doctrine of unclean hands.

### TENTH DEFENSE

#### (Not Compensable Time - First, Fourth Through Seventh, Ninth, and Tenth Causes of Action)

Plaintiffs' claims and those of the individuals they seek to represent are precluded because they seek compensation and civil penalties for time that is not compensable work time including, but not limited to, unauthorized work, work performed without Defendant's knowledge, and work not subject to or under Defendant's control.

**ELEVENTH DEFENSE**

(*De Minimis* - First, Fourth Through Seventh, Ninth, and Tenth Causes of Action)

Plaintiffs' Complaint seeks compensation for time which, even if in fact worked, was *de minimis* and therefore is not recoverable.  Pursuant to the *de minimis* doctrine, an employer is not required to pay for insubstantial or insignificant periods of purported off-the-clock work.  *See, e.g., Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 843 (2018), *as modified on denial of reh'g* (Aug. 29, 2018) ("The *de minimis* rule, as a background principle, has been invoked in a variety of statutory contexts . . . ."); *Rutti v. Lojack Corp.*, 596 F.3d 1046, 1057-1058 (9th Cir. 2010) (noting that courts have generally found that *de minimis* work of less than ten minutes per day is not compensable: "most courts 'have found daily periods of approximately ten minutes *de minimis* even though otherwise compensable'"); *Lindow v. United States*, 738 F.2d 1057, 1062, 1064 (9th Cir. 1984) ("It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved"; "most courts have found daily periods of 10 minutes *de minimis* even though otherwise compensable."); *Gillings v. Time Warner Cable LLC*, 583 Fed. Appx. 712, 714 (9th Cir. 2014) (federal *de minimis* wage and hour doctrine applies under California law).

**TWELFTH DEFENSE**

(Not Hours Worked - First, Fourth Through Seventh, Ninth, and Tenth Causes of Action)

Plaintiffs' claims, and the claims of those persons they purport to represent, are barred because the hours Plaintiffs allege were worked are not "hours worked" within the meaning of applicable law.

**THIRTEENTH DEFENSE**

(Overtime - First, Fourth Through Seventh, Ninth, and Tenth Causes of Action)

To the extent Plaintiffs or any of the individual they seek to represent were paid overtime compensation at the legally required rate for hours worked in excess of 8 hours in a day or 40 hours in a week, their overtime claims are barred.

///

///

///

///

**FOURTEENTH DEFENSE**

(Offset - First Through Seventh, Ninth, and Tenth Causes of Action)

To the extent that Plaintiffs, members of the putative classes and/or allegedly aggrieved employees are entitled to damages or penalties, Defendant is entitled to an offset for any payments of wages or other remuneration previously provided to those parties.

**FIFTEENTH DEFENSE**

(Regular Rate Exclusions, Exceptions, Setoffs, and Credits - First Through Seventh, Ninth, and Tenth Causes of Action)

Plaintiffs' claims and those of potential class members are barred, in whole or in part, by statutory and regulatory exclusions, exceptions, setoffs, or credits.

**SIXTEENTH DEFENSE**

(Meal and Rest Breaks Provided - Second, Third, Fifth Through Seventh, Ninth and Tenth Causes of Action)

At all times relevant to the Complaint, Defendant provided meal periods, and authorized and permitted rest breaks.  To the extent that Plaintiffs, any putative class members or any allegedly aggrieved employees voluntarily chose not to take such breaks, Defendant has not violated the California Labor Code or the IWC Wage Orders, and the purported meal and rest period claims are barred.

**SEVENTEENTH DEFENSE**

(Missed Meal and Rest Breaks Paid - Second, Third, Fifth Through Seventh, Ninth and Tenth Causes of Action)

To the extent that Plaintiffs, any of the putative class members or any of the allegedly aggrieved employees were paid additional compensation for missed meal or rest periods, their meal and rest period claims are barred.

///

///

///

///

DEF.'S ANSWER TO PLAINTIFF'S CLASS ACTION AND REP. ACTION COMPLAINT

79192235v.2

**Exhibit  C**

**EIGHTEENTH DEFENSE**

(Meal Period Waivers - Second, Third, Fifth Through Seventh, Ninth and Tenth Causes of Action)

Plaintiffs' claims in the Complaint based upon alleged meal period violations are barred, in whole or in part, to the extent Plaintiffs, putative class members and/or allegedly aggrieved employees executed valid meal period waivers, and/or second meal period waivers.

**NINETEENTH DEFENSE**

(Good-Faith Dispute - Labor Code § 203 - Fifth, Seventh, Ninth and Tenth Causes of Action)

Plaintiffs, and the individuals they seek to represent, are not entitled to Labor Code section 203 penalties or penalties under Labor Code Section 1174.5 because a good-faith dispute existed as to the monies allegedly owed at the time of the termination, such that Defendant cannot be held to have willfully failed to comply with the requirements of the applicable Labor Code sections. *See* Cal. Code Regs., tit. 8, § 13520.

**TWENTIETH DEFENSE**

(No Willful Violation of Labor Code § 203 - Fifth, Seventh, Ninth and Tenth Causes of Action)

Plaintiffs, and the individuals they seek to represent, may not claim Labor Code section 203 or section 1174.5 penalties because Defendant did not willfully fail to comply with the requirements of the California Labor Code, including without limitation, sections 201, 202, 201.3 or 1174.

**TWENTY-FIRST DEFENSE**

(No Knowing and Intentional Violation - Sixth, Ninth and Tenth Causes of Action)

Any alleged violation of Labor Code section 226 was not knowing and intentional and therefore Plaintiffs' requested recovery is barred.

**TWENTY-SECOND DEFENSE**

(No Injury: Labor Code §226(e) - Sixth, Ninth and Tenth Causes of Action)

Plaintiffs, putative class members and/or allegedly aggrieved employees are not entitled to recover any penalties based upon their allegations of non-compliant pay statements to the extent that they, or any individuals they seek to represent, did not suffer any injury within the meaning of Labor Code section 226(e).

### TWENTY-THIRD DEFENSE

(Lack of Knowledge of Incurred Expenses - Eighth Through Tenth Causes of Action)

Plaintiffs' claims, and the claims of all the members of the putative class and/or allegedly aggrieved employees, are barred to the extent that Defendant did not know and had no reason to know that Plaintiffs or any of the individuals they seeks to represent incurred necessary business expenses and were not properly reimbursed.

### TWENTY-FOURTH DEFENSE

(Reimbursement Obligation Satisfied - Eighth Through Tenth Causes of Action)

Plaintiffs' claims, and the claims of all members of the putative class and/or allegedly aggrieved employees, fail to the extent that Defendant has satisfied any expense reimbursement obligation under California Labor Code section 2802 and/or Plaintiffs or any member of the putative class or allegedly aggrieved employees have failed to request reimbursement for reasonable and necessary business expenses reimbursable under Labor Code section 2802.

### TWENTY-FIFTH DEFENSE

(Unreasonable and Unnecessary Expenses - Eighth Through Tenth Causes of Action)

Plaintiffs' claims, and the claims of all members of the putative class and/or allegedly aggrieved employees, fail to the extent that Plaintiffs seek reimbursement for expenses that were not incurred in the direct consequence of the discharge of their duties or were not necessary and reasonable.

### TWENTY-SIXTH DEFENSE

(No Section 17200 Standing - Ninth Cause of Action)

To the extent that Plaintiffs, any member of the putative class and/or allegedly aggrieved employees are former employees, they lack standing to seek injunctive relief, civil penalties, or damages under relevant portions of the California Labor Code and the California Business and Professions Code § 17200 et seq., because, *inter alia*, they have not suffered any injury in fact or lost money or property as a result of any unfair competition, and/or no penalties are available under the statutes sued upon, and/or they are no longer employed by Defendant and have an adequate remedy at law.

### TWENTY-SEVENTH DEFENSE

(No Recovery Under Section 17200 - Ninth Cause of Action)

Plaintiffs improperly seek through their cause of action under Business & Professions Code § 17200 to recover relief that is not recoverable under that statute.

### TWENTY-EIGHTH DEFENSE

(No Aggrieved Employees - Tenth Cause of Action)

Plaintiffs' claims pursuant to PAGA are barred in whole or in part because Plaintiffs and any individuals they purport to represent are not "aggrieved" employees under PAGA, and/or because Plaintiffs lack standing to bring claims for civil penalties on behalf of themselves or any other allegedly-aggrieved current or former employees pursuant to PAGA because they have failed to identify either in their LWDA Notices or in their Complaint other allegedly aggrieved current or former employees of Defendant.  Plaintiffs' Complaint is further barred to the extent it seeks to recover penalties on behalf of individuals who are not "aggrieved employees."

### TWENTY-NINTH DEFENSE

(Manageability - Tenth Cause of Action)

Plaintiffs' Complaint is not proper for treatment as a representative action under PAGA because, among other reasons, the representative action is not manageable.

### THIRTIETH DEFENSE

(Inability To Pursue Penalties Under California Labor Code § 2698 et seq. - Tenth Cause of Action)

Plaintiffs' Complaint is barred to the extent that Plaintiffs and/or those persons they purport to represent seek civil penalties for alleged violations of the Labor Code that already contain a statutory or other civil penalties.

### THIRTY-FIRST DEFENSE

(Failure To Exhaust Administrative Remedies - Tenth Cause of Action)

Plaintiffs' PAGA claim is barred to the extent that Plaintiffs have failed to exhaust properly any administrative or statutory remedies provided under California Labor Code section 2699.3.

79192235v.2

**Exhibit  C**

**THIRTY-SECOND DEFENSE**

(PAGA is Unconstitutional - Tenth Cause of Action)

Plaintiffs cannot recover civil penalties under PAGA because, among other reasons, PAGA is unconstitutional under numerous provisions of the California State Constitution and the Constitution of the United States of America, including in that PAGA improperly delegates executive authority.

**THIRTY-THIRD DEFENSE**

(No Class Status - First Through Ninth Causes of Action)

Plaintiffs' proposed class does not meet the requirements for class certification, including numerosity, predominance of common questions, typicality, adequacy of representation and/or superiority of the class action.

**THIRTY-FOURTH DEFENSE**

(Labor Code §§ 2854 and 2856—First Cause of Action)

This Complaint is barred by Labor Code sections 2854 and 2856 to the extent that Plaintiffs, putative class members, and/or the allegedly aggrieved employees failed to use ordinary care and diligence in the performance of their duties and failed substantially to comply with all the directions of Defendant, and such failure proximately caused the alleged losses for which they seek relief.

**THIRTY-FIFTH DEFENSE**

(Failure to Use Skill Possessed - First Cause of Action)

The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiffs failed to use such skill as they possess, so far as the same is required, for the service specified for Defendant, as provided under California Labor Code section 2859.

**THIRTY-SIXTH DEFENSE**

(Due Process - First Cause of Action)

Plaintiffs' claims for penalties pursuant to the California Labor Code are barred because Plaintiffs seek penalties which are excessive, unjust, arbitrary, confiscatory, duplicative, and/or capricious and/or bear no rational relationship to any actual harm allegedly suffered by Plaintiffs or those they seek to represent.  *See* U.S. Const. amends. V and XIV; *see also* Cal. Const. art. I, § 7.

### THIRTY-SEVENTH DEFENSE

(No Employment Relationship - All Causes of Action)

The Complaint fails because Defendant did not employ Plaintiffs, putative class members and/or allegedly aggrieved employees, either directly or as a joint employer, at any point during the relevant time period or otherwise.

### THIRTY-EIGHTH DEFENSE

(Lack of Standing - All Causes of Action)

Plaintiffs' claims, and those of the putative class members and/or allegedly aggrieved employees, are barred to the extent that they lack standing to pursue them because they were not injured or cannot bring such claims as a matter of law.

### THIRTY-NINTH DEFENSE

(No Attorneys' Fees - All Causes of Action)

Plaintiffs' claims, and those of the members of the putative classes and/or allegedly aggrieved employees, fail to state facts sufficient to constitute a claim for attorneys' fees against Defendant.

### FORTIETH DEFENSE

(Adequate Remedy at Law - All Causes of Action)

Plaintiffs' request for declaratory and other equitable relief fail because Plaintiffs and the persons they purport to represent have adequate remedies at law.

### FORTY-FIRST DEFENSE

(Good Faith Dispute - Labor Code § 1194.3 - All Causes of Action)

Plaintiffs, members of the putative class and/or allegedly aggrieved employees are not entitled to Labor Code § 1194.2 penalties because a good faith dispute exists as to Plaintiff's claims, such that Defendant cannot be held to have willfully failed to comply with the requirements of the California Labor Code.

///

///

///

///

DEF.'S ANSWER TO PLAINTIFF'S CLASS ACTION AND REP. ACTION COMPLAINT

79192235v.2

**Exhibit C**

**FORTY-SECOND DEFENSE**

(No Private Right of Action - All Causes of Action)

Plaintiffs' claims, and those of the members of the putative class and/or allegedly aggrieved employees, are barred to the extent they seek to recover civil penalties for which no private right of action exists.

**ADDITIONAL DEFENSES**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**PRAYER**

WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

1.      That Plaintiffs take nothing by their Complaint;

2.      That judgment be entered in favor of Defendant and against Plaintiffs on the entire Complaint and on all causes of action alleged therein;

3.      That Defendant be awarded reasonable attorneys' fees according to proof;

4.      That Defendant be awarded its costs of suit incurred herein; and

5.      That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: February 3, 2022                    Respectfully submitted,

                                           SEYFARTH SHAW LLP


                                           By: _____
                                               Gerald L. Maatman
                                               Jennifer A. Riley
                                               Justin Curley
                                               Ian T. Long

                                           Attorneys for Defendant
                                           CAPSTONE LOGISTICS, LLC

DEF.'S ANSWER TO PLAINTIFF'S CLASS ACTION AND REP. ACTION COMPLAINT

**Exhibit  C**

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 560 Mission St., Suite 3100, San Francisco, California  94105.  On February 3, 2022, I caused to be served the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at 560 Mission St., Suite 3100, San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by Federal Express with postage paid on account and deposited for collection with FedEx at San Francisco, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, to the e-mail address(es) set forth below.

Robert W. Ottinger                    Email: robert@ottingerlaw.com
THE OTTINGER FIRM, P.C.
535 Mission Street
San Francisco, CA 94105
Tel: 415-262-0096
Fax: 212-571-0505

Attorneys for Plaintiff, CHRIS TORRES
and TROUNG VAN-URIBE, individually
and on behalf of all others similarly situated

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 3, 2022, at San Francisco, California.

*Juliana Blackwell*
Juliana Blackwell

Exhibit  C

79192235v.2